USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/11/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------- X
UNITED STATES OF AMERICA,                                :
                                                         :          12-CR-732 (VEC)
          -against-                                      :
                                                         :              ORDER
ROBERT CALVENTE,                                         :
                                                         :
                                    Defendant.           :
-------------------------------------------------------- X
```

VALERIE CAPRONI, United States District Judge:

WHEREAS on December 15, 2020, Mr. Robert Calvente, proceeding *pro se*, moved for compassionate release pursuant to 18 U.S.C. § 3582(c), Dkt. 238;

WHEREAS on August 13, 2021, his case was reassigned to the Undersigned, Dkt. 239;

WHEREAS on August 14, 2021, the Court ordered the Government to respond to Defendant's motion and to file the last two years of Mr. Calvente's medical records as well as his prison disciplinary and education records, Dkt. 240;

WHEREAS on September 24, 2021, the Court extended the Government's deadline to respond and informed Mr. Calvente that if he wished to file a reply, he must do so no later than November 19, 2021, Dkt. 242;

WHEREAS on October 21, 2021, the Government filed a Memorandum in Opposition to Defendant's Motion along with the required medical, disciplinary and education records, Dkt. 243;

WHEREAS Mr. Calvente did not file a reply by November 19, 2021, and, because Mr. Calvente had changed prisons and this Court was unsure whether he had received the Government's response, on December 27, 2021, this Court extended his deadline to reply to January 28, 2022, Dkt. 246;

WHEREAS on June 30, 2022, the Government submitted a status update informing the Court that Mr. Calvente had been transferred to USP Coleman II, Dkt. 248;

WHEREAS both parties agree that Mr. Calvente has exhausted his administrative remedies as required by § 3582(c)(1)(A), Mot., Dkt. 238 at 5; Gov. Resp. Dkt. 243 at 3; and

WHEREAS this Court has broad discretion when deciding a motion pursuant to 18 U.S.C. § 3582(c), but must determine (i) whether extraordinary and compelling reasons exist to grant such relief, and (ii) whether a sentence reduction would be consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a), *United States v. Brooker*, 976 F.3d 228, 234–35 (2d Cir. 2020); *United States v. Rodriguez*, No. 17-CR-157, 2020 WL 3051443, at *1 (S.D.N.Y. June 8, 2020);

IT IS HEREBY ORDERED that Mr. Calvente's motion for compassionate release is DENIED.  Mr. Calvente has not demonstrated the existence of an "extraordinary and compelling reason" to reduce his sentence.  18 U.S.C. § 3582(c)(1)(A)(i).  Mr. Calvente contends that the conditions of the COVID-19 pandemic, in combination with the conditions of incarceration at USP Leavenworth and his own pre-existing health conditions, amount to an extraordinary and compelling reason for a sentence reduction.  Mot., Dkt. 238 at 3.  In particular, Mr. Calvente alleges that chronic asthma subjects him to a heightened risk of "serious illness or death from COVID-19."  *Id.*  Despite his concern, Mr. Calvente has refused treatment for his asthma when BOP physicians have provided it to him. Med. Records, Ex. A, Dkt. 243-1 at 5.  In addition, Mr. Calvente has recovered from COVID-19 and received both doses of a COVID-19 vaccination. *Id.* at 33, 59.

The Court finds that Mr. Calvente's asthma, in combination with increased risk of contracting COVID-19 while incarcerated, does not constitute an extraordinary and compelling

reason to reduce his sentence.  There is obviously a greater risk of contracting COVID-19 if one

is living in a congregate setting than if one is living in a single-family home or apartment.

Despite the public health challenges inherent in congregate settings, USP Coleman II, where Mr.

Calvente is currently incarcerated, appears to be effectively managing the situation: as of the date

of this decision, no inmate or staff member in that facility is currently testing positive for

COVID-19.[1]

Mr. Calvente also asserts that his lack of disciplinary issues weighs in favor of granting

his petition for compassionate release.  Mot., Dkt. 238 at 2.  The Court hopes that Mr. Calvente

will commit himself to rehabilitation and encourages him to redouble his efforts to pass the GED

and to take advantage of educational programs available to him (something he has not done

much of to date).  Mr. Calvente's representation that he has had "no disciplinary issues" is

simply untrue.  *Id.*  Mr. Calvente has had multiple disciplinary incidents, recently including the

use of methamphetamines and amphetamines and the possession of dangerous items.  Gov.

Resp., Dkt. 243 at 7; Ex. B, Dkt. 243-2.

Even if Mr. Calvente had demonstrated that he has been rehabilitated and had a spotless

disciplinary record, both of which are far from the case, that would not warrant a sentence

reduction.  Rehabilitation, by itself, "shall not be considered an extraordinary and compelling

reason" to reduce a sentence.  28 U.S.C. § 994(t); *see also Brooker*, 976 F.3d at 237–38.  To find

otherwise would convert the process for obtaining compassionate release into a de facto parole

system, through which defendants with good behavior are rewarded with sentence reductions.

That was not Congress' intent when it changed the law to allow incarcerated defendants to apply

directly to the sentencing judge for a reduction of sentence.

---

[1]    *See* FED. BUREAU OF PRISONS, *Coronavirus*, https://www.bop.gov/coronavirus/ index.jsp (last visited July 6, 2022).

Furthermore, a sentence reduction would be inconsistent with the most important of the relevant § 3553(a) factors: the seriousness of the offense.  Mr. Calvente's crimes were undoubtably serious.  He murdered Kenya Miller, was involved in a conspiracy to traffic drugs, and used and possessed firearms in connection with drug-related crimes.  J. and Conviction, Dkt. 201 at 1–2; Gov. Resp., Dkt. 243 at 1–2.  The seriousness of Mr. Calvente's offense is undeniable.  If his motion were granted, it would reduce his sentence to a term of slightly less than ten years.  Even taking into account his cooperation, marred though it was by his continued commission of crime after agreeing to cooperate with the Government, and the fact that he was a minor at the time of the murder, a sentence of less than 10 years does not adequately reflect the seriousness of his offenses.

For those reasons, Mr. Calvente's motion for a sentence reduction is DENIED.  The Clerk of Court is respectfully directed to terminate docket entry 238.  The Clerk is further directed to mail a copy of this order to Robert Calvente, Reg. 67221-054, USP Coleman II, U.S. Penitentiary, P.O. Box 1034, Coleman, FL 33521.

**SO ORDERED.**

**Date:  July 11, 2022**
**New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**